# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-87-LRR |
| vs. | |
| VERONICA MOSLEY, | **ORDER** |
| Defendant. | |

The matters before the court are Defendant Veronica Mosley's Motion to Suppress Traffic Stop (docket no. 42) and the Report and Recommendation that such Motion be denied (docket no. 58).

## I. PROCEDURAL BACKGROUND

On October 6, 2005, the grand jury returned an Indictment against Mosley and her four co-defendants. The Indictment charged Mosley and her four co-defendants with knowingly taking by force, violence and intimidation and aiding and abetting the taking by force, violence and intimidation, from the person and presence of at least one employee of the Ackley State Bank, 831 South Oak, Iowa Falls, Iowa, money belonging to and in the care, custody, management and possession of the Ackley State Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation. Such conduct is in violation of 18 U.S.C. §§ 2 and 2113(a). On November 3, 2005, the grand jury returned a Superseding Indictment adding Counts 2, 3, and 4. Count 2 of the Superseding Indictment charged Mosley and her four co-defendants with, by force, violence and intimidation, taking from the person and presence of another, approximately $71,750

belonging to and in the care, custody, control, management and possession of the Ackley State Bank of Iowa Falls, Iowa, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm, and did aid and abet that offense in violation of 18 U.S.C. §§ 2, 2113(a) and 2113(d). Count 3 of the Superseding Indictment charged Mosley and her four co-defendants with knowingly using and carrying and brandishing, and aiding and abetting the use and carrying and brandishing of a firearm, that is, a handgun, during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1). Count 4 of the Superseding Indictment charged Mosley and her four co-defendants with knowingly and willfully conspiring and agreeing together with each other to commit the offense of armed bank robbery in violation of 18 U.S.C. § 371.

On November 4, 2005, Mosley filed her Motion to Suppress Traffic Stop (docket no. 42). On November 30, 2005, Chief Magistrate Judge John A. Jarvey filed a Report and Recommendation (docket no. 58) which recommends that the defendant's Motion to Suppress Traffic Stop be denied. Mosley did not file an objection to the November 30, 2005, Report and Recommendation. The court therefore finds Mosley's motion fully submitted and ready for decision.

## II. ANALYSIS

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). In this case Mosley did not file an

objection to the November 30, 2005, Report and Recommendation. The court adopts Chief Magistrate Judge Jarvey's November 30, 2005, Report and Recommendation in its entirety.

### *III. CONCLUSION*

**IT IS ORDERED:**

(1) The court **DENIES** Defendant Veronica Mosley's Motion to Suppress Traffic Stop (docket no. 42).

(3) The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and Recommendation of November 30, 2005 (docket no. 58).

(4) The period between the filing of the defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 3rd day of January, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA